1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EARL SMITH,                    )   No. C 11-0879 LHK (PR)
                                     )
            Petitioner,              )   ORDER OF TRANSFER
                                     )
    vs.                              )
                                     )
CALIFORNIA DEPARTMENT OF             )
CORRECTIONS, et al.,                 )
                                     )
            Respondents.             )
_____    )

        Petitioner, a state prisoner proceeding *pro se*, filed a federal writ of habeas corpus,

pursuant to 28 U.S.C. § 2254.  It is clear, however, that Plaintiff is challenging the conditions of

confinement rather than his conviction or sentence.  Challenges to the fact or duration of

confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42

U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973).  That is, when a state

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus.  *Id.* at 500.  On the other hand,

a section 1983 action is a proper remedy for a state prisoner who is making a constitutional

challenge to the conditions of his prison life, but not to the fact or length of his custody.  *Id.* at

499; *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are

1  the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A

2  civil rights action, in contrast, is the proper method of challenging 'conditions of . . .

3  confinement.'") (citation omitted).  Here, because Petitioner is attacking the conditions of his

4  confinement rather than his conviction or sentence, the Court construes this action as a civil

5  rights action under 42 U.S.C. § 1983.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)

6  (recognizing that a district court may construe a habeas petition by a prisoner attacking the

7  conditions of his confinement as a civil rights action under 42 U.S.C. § 1983).

8          So construed, a review of the complaint reveals that the acts complained of occurred in

9  San Diego, and Defendants are located in San Diego, which lies within the venue of the Southern

10  District of California.  Therefore, venue properly lies in the Southern District.  *See* 28 U.S.C.

11  § 1391(b).  Accordingly, this case is TRANSFERRED to the United States District Court for the

12  Southern District of California.  *See* 28 U.S.C. § 1406(a).  The Clerk shall terminate all pending

13  motions and transfer the entire file to the Southern District of California.

14          IT IS SO ORDERED.

15  DATED:   __3/31/11_____

16                                                    LUCY H. KOH
                                                      United States District Judge